A&A Mgt. Group, LLC v Khassidov (2024 NY Slip Op 06004)

A&A Mgt. Group, LLC v Khassidov

2024 NY Slip Op 06004

Decided on December 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 03, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Rodriguez, Michael, JJ. 

Index No. 26596/17 Appeal No. 3152-3153-3154 Case No. 2024-00290, 2024-00357, 2024-00369 

[*1]A&A Management Group, LLC, Plaintiff-Appellant,
v
Ilia Khassidov, et al., Defendants, Guffel Realty Corp., Defendant-Respondent.

Law offices of Daniel E. Sully, Brooklyn (Daniel E. Sully of counsel), for appellant.
The Cohen Law Firm, LLP, Brooklyn (Raymond A. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered December 11, 2023, which granted defendant Gurfel Realty Corp.'s motion to vacate a money judgment entered against it after inquest and the underlying default judgment against it, and for sanctions against plaintiff's counsel, unanimously modified, on the law and in the exercise of discretion, to deny Gurfel's motion to the extent it sought sanctions against plaintiff's counsel, and to remand the matter for further proceedings on the conversion and unjust enrichment claims, and otherwise affirmed, without costs.
Orders, same court and Justice, entered December 28, 2023, which fixed the amounts of legal fees and sanctions owed to Gurfel by plaintiff's counsel, unanimously reversed, on the law, without costs, and the orders vacated.
Supreme Court providently exercised its discretion in vacating the April 1, 2022, money judgment entered against Gurfel in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Plaintiff failed to show that Gurfel lacked good faith or was dilatory in asserting its rights and that the court should not have exercised its discretion in vacating the money judgment (see Martinez v Government Empls. Ins. Co., 113 AD3d 425 [1st Dept 2014]).
Plaintiff effectively concedes that, to the extent the inquest order and money judgment include overlaps between amounts that should have been awarded against Gurfel on the conversion and unjust enrichment claims and the amounts that should have been awarded only against the other defendants that were sued under the contract, the order and judgment should be vacated in the interests of justice. We further find that since the inquest order, in awarding the damages, did not specify or provide clarity as to the appropriate and intended damages owed by Gurfel for its default on the causes of action asserted against it, the court providently exercised its discretion in vacating the inquest judgment in its entirety with respect to Gurfel (see e.g. Sena v Alpha Plumbing & Heating Servs., Inc., 227 AD3d 1116, 1118 [2d Dept 2024]).
The motion court also providently exercised its discretion in vacating the underlying default judgment against Gurfel in the interests of justice. As the causes of action sounding in breach of contract concededly were not properly alleged as to Gurfel, the matter should proceed on the merits and the case restored to the calendar, with Gurfel granted leave to file an answer, solely as to the conversion and unjust enrichment claims.
Accordingly, the order should be modified to the extent indicated above and the matter remanded for further proceedings on the conversion and unjust enrichment causes of action.
Furthermore, on this record, we find that the court improvidently awarded legal fees and sanctions to Gurfel (see Matter of Kings County. Hosp. v. M.R., 226 AD3d 513 [1st Dept 2024]; Franco v Sky E., LLC, 204 AD3d 566 [1st Dept 2022]). Accordingly, the [*2]orders fixing the amounts of fees and sanctions should be vacated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2024